**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

JACKSON PASCAL RWEZAULA,  )
           )
    Petitioner,   )
           )
-vs-         )  Case No. CIV-17-0091-F
           )
JANET DOWLING, Warden,   )
           )
    Respondent.  )

## ORDER

Petitioner Jackson Pascal Rwezaula seeks habeas relief under 28 U.S.C. § 2254, challenging his criminal conviction by the State of Oklahoma.

On May 22, 2018, Magistrate Judge Charles B. Goodwin entered a Report and Recommendation recommending denial of the petition for habeas relief. Doc. no. 11 (the Report). Petitioner objects to the Report (doc. no. 14), setting out numerous objections, specifically, objections related to a wide variety of prosecutorial misconduct (proposition I of petitioner's objections); improper joinder of criminal cases[1] (proposition II of petitioner's objections); ineffective assistance of counsel (proposition III of petitioner's objections); and cumulative error (proposition IV of petitioner's objections). Petitioner proceeds *pro se* and his pleadings are liberally construed.

As required by 28 U.S.C. §636(b)(1), the court has reviewed the Report in its entirety and has reviewed all objected to matters *de novo*. The twenty-eight page Report addresses each of petitioner's claims for habeas relief in detail, including all of the matters to which petitioner now objects. Having concluded its review, the court finds that it

---

[1] Petitioner was accused of committing four separate robberies which were initially charged as separate criminal cases but were later joined. Petitioner was convicted on three of the four robbery counts and was acquitted on the fourth.

agrees with the conclusions stated in the Report and that no purpose would be served by further analysis here.

Plaintiff's objections to the Report are **DENIED**. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. In accordance with the Report, the petition for a writ of habeas corpus is **DENIED**.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing and a certificate of appealability is **DENIED**.

IT IS SO ORDERED this 9th day of August, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE